LABEREE v. STEWART.

(Third Division. Valdez. April 16, 1910.)

No. 377.

CORPORATIONS (§ 687*)—RECEIVERS.

After the appointment of a receiver for an insolvent foreign corporation doing business in Alaska, the officers of the corporation, at a meeting held in the state of Washington, compromised a debt due from defendant and canceled his note. On a suit by the receiver in Alaska to recover the amount of the note, *held,* the compromise and settlement of the debt due the corporation by the corporation officers, after the appointment of the receiver

———

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

in Alaska, is no bar to recovery against the defendant of the full amount of the note.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2669, 2670; Dec. Dig. § 687.*]

This is an action brought by the receiver of two insolvent corporations, doing business within the territory of Alaska, to recover from a former treasurer of one of the said corporations the sum of $22,796.59, alleged to have been received by the defendant as such officer of the Tanana Railway Construction Company; and that such sum was in fact the asset of the Alaska Central Railway Company, and had not been accounted for or paid by the said defendant. The amended complaint sets out the appointment of the plaintiff, Laberee, by this court, as receiver for the Alaska Central Railway Company and the Tanana Railway Construction Company, of date of October 23, 1908; and that the two above-mentioned corporations were organized under the laws of the state of Washington, and were doing business within the territory of Alaska; the allegations further show the said debt to the corporation, the Tanana Railway Construction Company, by the defendant, to be evidenced on the books of said corporation by two items referred to as "Adjustment Account No. 1 of F. H. Stewart to the amount of $11,608.34, dated October 31, 1907," and "Adjustment Account No. 2 of F. H. Stewart, to the amount of $11,188.25, dated September 10, 1907." One of the allegations of said amended complaint is that all the property and assets of the said Tanana Railway Construction Company, at all times therein mentioned, belonged to and was the property and asset of the Alaska Central Railway Company.

The answer admits all the allegations of the complaint, but alleges payment by notes given by the defendant, which have subsequently been paid in full, satisfied, and canceled.

The reply specifically denies that the said sum, mentioned in the complaint, or any part thereof, has ever been paid. The cause came on for trial before the court; the defendant, by reason of the pleadings, first introduced evidence to support the allegations of his answer.

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

The facts submitted to the court by the evidence show: The plaintiff to have been appointed and duly qualified as receiver of the Alaska Central Railway Company and the Tanana Railway Construction Company on October 23, 1908, by this court, with the usual powers incident to a receiver under the laws of the territory of Alaska. That while the defendant was an officer and agent of the Tanana Railway Construction Company, at Seward, Alaska, between the 1st day of February, 1905, and the 1st day of January, 1908, he became a debtor to the said corporation in the sum of $22,796.59, which sum of indebtedness was carried on the books of the said company in the form of adjustment accounts, as set out in the said amended complaint.

The evidence shows that the said accounts were adjusted. and entered on the books of the corporation on September 10 and October 31, 1907, respectively, and that the defendant, subsequently on December 31, 1907, gave to the said construction company two notes to cover the said adjustment accounts; each note being for the identical sum, mentioned in the adjustment accounts.

Following the facts in chronological order, it next appears that the plaintiff, Laberee, was appointed receiver by this court, his appointment, bond, and oath of office, filed in cause No. 343 of this court, being introduced in evidence, as well as the decree of this court in the same cause, to which decree we will have occasion to refer later.

The evidence then shows that, during the continuance of the said receiver, the board of trustees of the Tanana Railway Construction Company, at a meeting held in Seattle, Wash., on April 3, 1909, passed a resolution ratifying and confirming the action of one A. G. Frost, who is alleged to have canceled the said two notes of the defendant Stewart for and in consideration of $6,000, and that his said act was done according to the wishes and instructions of the stockholders of the said Tanana Railway Construction Company, and that he (the said Frost) had spent and used the said $6,000 in protecting and looking after the interests of the Tanana Railway Construction Company. The notes were introduced and received in evidence,

across the face of each appearing the following words and figures: "Canceled Mar. 1/09."

There was evidence presented that the defendant Stewart paid some part of his indebtedness to the corporations above named during the years of 1907 and 1908, while at Seward, Alaska, but previous to the date of the attempted cancellation of the notes by the board of trustees at Seattle, Wash., on April 3, 1909; and, as it does not appear otherwise, it will be inferred that any payment so made was a part of the consideration passed on April 3, 1909.

Edmund Smith and E. E. Ritchie, both of Valdez, for plaintiff.

Brown & Lyons, of Valdez, for defendant.

OVERFIELD, District Judge. Upon these facts the contention is made by the defendant that under the reply neither lack of consideration nor fraud can be shown; and, secondly, that this court has no right or jurisdiction to question the cancellation of the notes made by the Tanana Railway Construction Company, for the reason that the receiver of the plaintiff corporations in this court had no jurisdiction outside of the territory of Alaska, and hence cannot question the acts of the corporation at its domicile, the state of Washington, in this suit.

Passing to the second question, a decision of which will, I believe, settle the issues in this case, we find an attempted act on the part of the board of trustees of one of the insolvent corporations, then under receivership by order of this court, with a regularly appointed and qualified receiver, to dissipate a part of the assets of the corporations, without request or permission from this court or its receiver.

The question at once arises fairly on the issues in this case: How far can an insolvent corporation, under a receivership in the courts of Alaska, manage, control, and dispose of its assets and property? Where does the power of the board of trustees of the Tanana Railway Construction Company to dispose of its property and assets, after they have been placed in the custody of the law, by order of this court, end, and

where does the power of the court's receiver begin? Admittedly when the receiver of the corporations was appointed by this court, and he duly qualified, he then, subject to the control of the court, took the legal control and possession of all the property and assets of the two corporations, with such exceptions as are allowed by law.

Notice to each and every officer, as a trustee and stockholder, was legally given of such receivership of that date, namely, October 23, 1908. At that time the two notes given by the defendant Stewart to the Tanana Railway Construction Company, to cover his indebtedness to the two corporations, incurred while he was an officer of the corporations, at Seward, Alaska, was the property and asset of the insolvent corporations. The fact that these notes were given in Montreal does not, in my opinion, change the nature of the asset; nor does the fact that the payment of the notes might be inferred to be in Montreal in any way lessen the liability of the construction company to account to the receiver of this court for such asset. But it does appear that the officers, through the board of trustees of the Tanana Railway Construction Company, did attempt to dispose of these notes, after due notice of the receivership in this court, and that such attempt to so dispose of these notes was without the authority, sought or received of this court, or its receiver.

And the evidence further shows that the cancellation by the board of trustees of the said corporation of these notes was upon the condition and for the consideration of $6,000 paid to some third party, one A. G. Frost, who in turn employed the same, but without authority or ratification by the receiver, in looking after and protecting the property and assets of the Tanana Railway Construction Company, then in the possession and control of said receiver. Such an attempted act on the part of said board of trustees to dispose of the assets of the corporations insolvent, and under the receivership in this court, and admittedly of the assets of the corporation arising within this territory, and which should have been delivered to the receiver at the time he qualified in his office, was, to say the least, such an action as constitutes a contempt of this court,

and might have properly been so considered by the receiver, had he been aware of the said resolutions of the board of trustees, with respect to the cancellation of these notes before he began this action.

The receiver plaintiff in this action represented each and every officer as a trustee and shareholder of these corporations as an officer of this court, and it was his duty to collect all the assets belonging to or in any way affecting these corporations, and neither the trustees, stockholders, nor officers of these insolvent corporations had neither right nor power, under the law, to in any way cancel or dispose of the property or assets of such corporations, except by and through the authority, permission, and ratification of this court. To permit such an action as here attempted on the part of the board of trustees would be legalizing their efforts to dispose of the assets of a corporation then under receivership and to disregard the very object of the appointment of receivers of insolvent corporations.

As to the contention first above mentioned that neither lack of consideration nor fraud could be shown under the pleadings, I think it is sufficient to say that the answer of defendant allows the plaintiff, under his reply, to show anything that defeats the defendant's plea. I can see no grounds for the defendant to complain; there being no departure or other defect for which the defendant, at this stage of the pleadings, could find objections.

The decree of this court, in cause No. 343, above referred to, found the Tanana Railway Construction Company an agent of the Alaska Central Railway Company, and that all the property and assets of the former belonged to the latter corporation at all the times herein mentioned.

Under the facts the defendant has failed to prove such a payment as relieves him of his duty to account to this plaintiff, and judgment must be entered accordingly; but, that justice and equity may prevail, it is hereby ordered that the defendant Stewart may, within 30 days from the date hereof, file his counterclaim, if any such he has, to set up any just amounts

he may be found entitled to offset against the judgment herein rendered; otherwise the said judgment herein shall become final.